**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUDICIAL WATCH, INC., <br> 425 Third Street, SW, Suite 800 <br> Washington, DC 20024, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF <br>    HOMELAND SECURITY, <br> Office of the General Counsel <br> 245 Murray Lane, SW <br> Washington, DC  20528, <br><br> Defendants. | ) <br> ) <br> ) <br> )   Civil Action No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT**

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Homeland Security to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

**PARTIES**

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization that seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law.  As part of its educational mission, Plaintiff regularly requests records under FOIA, analyzes the responses and any records it receives, and disseminates its findings and the records

to the American public to inform them about "what their government is up to." *U.S. Dep't of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 795 (1989).  Plaintiff is incorporated under the laws of the District of Columbia and is headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024.

4.    Defendant U.S. Department of Homeland Security is an agency of the United States Government and is headquartered at 245 Murray Lane, SW, Washington, DC  20528.  Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.    On October 11, 2016, Plaintiff submitted a FOIA request to Defendant's Office of Inspector General, by certified mail, seeking access to the following:

> **1.    Any and all records regarding, concerning, or related to the Office of Inspector General's investigation of Mr. William Craig Fugate for potential offenses involving the solicitation of prostitution and/or other related offenses.  For purposes of clarification, Mr. Fugate is currently the Director of the Federal Emergency Management Agency.  This request includes, but is not limited to, any and all investigative reports, assessments, analyses, memoranda, statements, and other investigative records, as well as any and all records of communications between any official, employee, or representative of the Department of Homeland Security and any official, employee, or representative of any other federal branch, agency, bureau, or office regarding, concerning, or related to the investigation.**
>
> **As part of this request, Judicial Watch specifically requests that the Office of Inspector General conduct a search for potentially responsive records among investigative files and data management systems created, maintained, or utilized by the OIG's offices in Orlando and Miami, Florida.  Additionally, it is specifically requested that the Office of the Inspector General conduct a search for potentially responsive records among the investigative files of DHS OIG Agent James DiPalma.**

    **2.** **Any and all records regarding, concerning, or related to the transfer of responsibility for the aforementioned investigation from the Orlando, Florida office of the OIG to any other federal, state, or local law enforcement or investigative agency.**

    **3.** **Any and all records regarding Ms. Aubree E. Alles, an alleged victim of Mr. Fugate's offenses. This request includes, but is not limited to, any and all investigative reports, assessments, analyses, and records of communications regarding or referencing Ms. Alles by name or implication.**

Attached to Plaintiff's request was a Privacy Act waiver and authorization of release of records signed by Ms. Alles. The time frame of the request was identified as "January 1, 2010 to the present."

    6.    By letter dated October 11, 2016, Defendant acknowledged receiving Plaintiff's FOIA request on August 18, 2016 and informed Plaintiff that it had assigned the request "Freedom of Information Act Request No. 2016-185."

    7.    As of the date of this Complaint, Defendant has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552 – Defendant DHS)

    8.    Plaintiff realleges paragraphs 1 through 7 as if fully stated herein.

    9.    Defendant is violating FOIA by failing to search for and produce all records responsive to Plaintiff's request or demonstrate that the requested records are lawfully exempt from production.

10. Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

11. To trigger FOIA's administrative exhaustion requirement, Defendant was required to determine whether to comply with Plaintiff's request within the time limits required by FOIA. Because Defendant invoked FOIA's 10-day extension of time provision, Defendant's determination was due on or about September 30, 2016. At a minimum, Defendant was required to: (i) gather and review the requested documents; (ii) determine and communicate to Plaintiff the scope of any responsive records Defendant intended to produce or withhold and the reasons for any withholdings; and (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination. *See*, *e.g.*, *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).

12. Because Defendant failed to determine whether to comply with Plaintiff's request within the time period required by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies. 5 U.S.C. § 552(a)(6)(C)(i).

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably calculated to uncover all records responsive to the request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other

litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  February 13, 2017              Respectfully submitted,

                                       <u>/s/Jason B. Aldrich</u>
                                       JASON B. ALDRICH
                                       D.C. Bar No. 495488
                                       JUDICIAL WATCH, INC.
                                       425 Third Street SW, Suite 800
                                       Washington, DC 20024
                                       Tel:    (202) 646-5172
                                       Email: jaldrich@judicialwatch.org

                                       *Counsel for Plaintiff*